FILED
United States Court of Appeals
Tenth Circuit

**July 21, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JACK DOWELL,

  Defendant-Appellant.

No. 10-1084
(D.C. Nos. 1:07-CV-02002-RPM,
1:01-CR-00395-RPM-3)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Jack Dowell is a federal prisoner. Through appointed appellate counsel, he seeks a Certificate of Appealability ("COA") to appeal the district court's denial of his 28 U.S.C § 2255 motion to vacate, set aside, or correct his sentence. We **DENY** his request for a COA and **DISMISS** this matter.

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# I. Background

In 1997, a Colorado Springs office of the Internal Revenue Service ("IRS") was seriously damaged by arson. In 2001, Mr. Dowell, along with several alleged co-conspirators, was indicted in connection with the fire. A jury convicted Mr. Dowell (who was tried separately from his co-conspirators) of destruction of government property in violation of 18 U.S.C. §§ 2 and 844(f)(1) & (2), and of forcible interference with IRS employees and administration in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7212(a). The district court sentenced Mr. Dowell to 360 months' imprisonment. We rejected Mr. Dowell's challenges to his conviction and sentence on direct appeal. *See United States v. Dowell*, 430 F.3d 1100 (10th Cir. 2005).

In 2007, Mr. Dowell filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He raised fifteen claims of ineffective assistance of counsel. The district court eventually appointed counsel for Mr. Dowell and held an evidentiary hearing. In a ruling from the bench following the evidentiary hearing, the district court denied the motion.

Mr. Dowell filed a timely notice of appeal and an application for a COA. The district court denied the application. Mr. Dowell renews his request before us. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

## II. Discussion

Unless a petitioner obtains a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(B). We may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

Because Mr. Dowell's COA application rests on claims of ineffective assistance of counsel, in order to determine if he can make a substantial showing of the denial of a constitutional right, we must undertake a preliminary analysis of his claims in light of the two-part test for ineffective assistance outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show, first, that counsel's performance was deficient—that the "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 688. Second, the petitioner must establish prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *accord Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008), *cert.*

*denied*, 130 S. Ct. 133 (2009). We may review these two components in any order, and need not address both "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his request for a COA, Mr. Dowell raises four of the fifteen claims he pressed before the district court. First, he contends that his trial counsel, Jody Reuler, was ineffective for not moving to suppress inculpatory statements allegedly made by Mr. Dowell to law enforcement agents. At the evidentiary hearing, Mr. Reuler explained that he did not pursue a motion to suppress because "Mr. Dowell vehemently denied ever making any confession, so there was no discussion to suppress a confession that was never made. . . . In fact, the whole thrust of the case was that the agents made [the confession] up, . . . that was the strategy that we used." R., Vol. 2, at 32–33 (Evid. Hr'g Tr., dated Mar. 5, 2010). Mr. Dowell now contends that Mr. Reuler's strategy was "foolhardy," because "it was absolutely necessary to file such a motion in order to be able to examine the agents as to the facts and circumstances surrounding the alleged statements." Aplt. Br. at 15.

As framed here, in order to succeed on this ineffective-assistance claim, Mr. Dowell must establish that there is merit to his contention that his incriminating statements should have been suppressed. *Cf. Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of

-4-

ineffectiveness, the defendant must also [in addition to the usual *Strickland* showing] prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence . . . ."); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) ("When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue.").  Before us, Mr. Dowell does not mention the circumstances of the alleged confession,[1] let alone present legal arguments concerning why it should be suppressed.  Without such support, he cannot make a substantial showing of the denial of a constitutional right, and we must deny him a COA on this claim.

Second, Mr. Dowell contends that Mr. Reuler provided ineffective assistance because he "failed to call certain witnesses [o]n his behalf, and failed to interview them or determine their availability."  Aplt. Br. at 12.  But he does

---

[1]     In his pro se filings before the district court, Mr. Dowell presented some facts surrounding the statements that he says Mr. Reuler should have sought to suppress.  *See* R., Vol. 1, Pt. 1 at 13–14 (Pet'r's § 2255 Mot., Attach. A, filed Sept. 24, 2007); *id.* at 132–33 (Pet'r's Mem. in Supp. § 2255 Mot., filed Sept. 24, 2007).  But Mr. Dowell did not argue *why* these facts supported his contention that his statements should be suppressed.  He did not attempt to do so before the district court either in his pro se filings or after counsel was appointed, and does not make that argument on appeal.  In such circumstances, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  This principle arguably is more important in this case because, unlike the plaintiff in *Garrett*, Mr. Dowell has enjoyed the assistance of habeas and appellate counsel.

not say who these witnesses are; indeed, Mr. Dowell offers no facts to show why Mr. Reuler's performance was deficient or how Mr. Dowell was prejudiced by any such deficiency.[2] For this reason, even though the district court did not specifically discuss this claim, we still can say that no reasonable jurist could question the district court's decision to dismiss Mr. Dowell's motion. We will not grant a COA on this issue.

Third, Mr. Dowell claims that Mr. Reuler failed to effectively cross-examine Ronald Sherman, an alleged co-conspirator who testified against Mr. Dowell at trial. The district court rejected this claim, stating that "Ronald Sherman was cross-examined by Mr. Reuler at some length, and . . . a fair inference is the jury believed Mr. Sherman's testimony." R., Vol. 2, at 56. The court acknowledged that the attorney for one of Mr. Dowell's co-conspirators "had a more effective cross-examination of Ronald Sherman than Jody Reuler did, and to some extent took a different approach with respect to Sherman." *Id.* at 57. But "this is not so unusual a circumstance where one jury believes a witness, and another jury doesn't, and the witness is key to the prosecution. And, that's the

---

[2]    At the evidentiary hearing, Mr. Dowell's habeas counsel asked Mr. Reuler why he failed to call one of Mr. Dowell's co-conspirators as a witness. Mr. Reuler responded that, when he asked the co-conspirator's attorney about the possibility of his client testifying, the attorney "said there's no chance I'm going to let him get up and testify." R., Vol. 2, at 35. Mr. Dowell does not now challenge Mr. Reuler's explanation. Moreover, although in his pro se § 2255 filings before the district court Mr. Dowell obliquely referenced other possible witnesses, he does not pursue these arguments here, and we will not pursue them for him. *See supra* note 1.

case here." *Id.* Mr. Dowell offers no argument to challenge the district court's conclusion. Thus, he cannot make a substantial showing of the denial of a constitutional right. We deny him a COA on this claim.

Finally, in what he calls his "main argument," Aplt. Br. at 12–13, Mr. Dowell contends that Mr. Reuler was generally ineffective because he was under investigation by state bar authorities for instances involving the misuse of client funds. Ultimately, Mr. Reuler was disbarred for these actions. At the evidentiary hearing, the district court heard testimony about the incidents from Mr. Reuler and from an attorney with the Colorado Supreme Court's Office of Attorney Regulation. The court concluded that the disciplinary issues did not "indicate that Mr. Reuler was so distracted that he could not render effective assistance of counsel." R., Vol. 2, at 55. On appeal, Mr. Dowell marshals no specific facts suggesting that the disciplinary proceedings caused Mr. Reuler to provide deficient representation, or that Mr. Dowell was prejudiced by any such deficient representation. Instead, as with his other claims, he provides only bald allegations. That is not enough to show that reasonable jurists could disagree with the district court's ruling, so we deny Mr. Dowell a COA on this claim.

### III. Conclusion

Because Mr. Dowell has not made a substantial showing of the denial of a constitutional right concerning any of his claims, we must **DENY** his application

for a COA and **DISMISS** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge