FILED
United States Court of Appeals
Tenth Circuit

September 9, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHC CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JACK DOWELL,

    Defendant-Appellant.

No. 11-1238

D.C. No. 1:07-CV-2002-RPM and
D.C. No. 1:01-CR-00395-RPM-3
(D. Colo.)

## ORDER DENYING REQUEST TO FILE SECOND HABEAS PETITION[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner Jack Dowell seeks a Certificate of Appealability (COA) in order

to challenge the district court's denial of his Rule 60(b) motion, in which he

asked the district court to set aside its previous order denying his petition for

habeas relief under 28 U.S.C. § 2255. We re-characterize Dowell's application

for a COA as a request for authorization to file a second habeas petition, and we

deny this request and all pending motions in this case.

I

In 2001, a federal jury in the District of Colorado convicted Dowell of

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

destruction of government property in violation of 18 U.S.C. §§ 2 and 844(f)(1)-(2) and forcible interference with IRS employees and administration in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7212(a). The district court sentenced Dowell to 360 months' imprisonment. We affirmed his conviction and sentence on direct appeal. See United States v. Dowell, 430 F.3d 1100 (10th Cir. 2005). In 2007, Dowell filed a § 2255 habeas petition alleging that he received ineffective assistance from his trial counsel. After holding an evidentiary hearing, the district court denied Dowell's petition. He then filed a notice of appeal and an application for a COA, which we denied in July 2010.

Following our ruling, Dowell filed a number of post-judgment motions in the district court. In May 2011, he filed a motion to amend his § 2255 petition and a motion to disqualify the district judge. The district court struck both of these pleadings because Dowell's case had already been closed. Shortly thereafter, Dowell filed a Rule 60(b) motion asking the district court to set aside its order denying his § 2255 habeas petition on the grounds that it lacked jurisdiction to try him for destruction of government property under 18 U.S.C. § 844(f). The district court denied the motion the next day. Dowell then filed an application for a COA. The district court denied Dowell's application because he had "not made a substantial showing of the denial of a constitutional right." ROA Vol. I, at 55. Dowell then filed with this court a timely notice of appeal and an application for a COA.

2

II

We must first decide whether Dowell's motion is properly characterized as a Rule 60(b) motion or whether it is actually a second or successive habeas petition under 28 U.S.C. § 2255(h). In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court provided guidance for making this determination. A Rule 60(b) motion is properly characterized as a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing Gonzalez, 545 U.S. at 531). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Id. at 1215-16 (citation omitted) (citing Gonzalez, 545 U.S. at 532 & n.4).

We conclude that Dowell's Rule 60(b) motion is a second habeas petition because he asserts a federal basis for relief from his conviction. In his motion, he argued that the district court lacked jurisdiction to try him for destruction of government property. By making this assertion, Dowell attacks the legitimacy of his conviction as would any other petitioner seeking habeas relief. Further, Dowell does not raise any arguments in his motion that indicate that he is

3

bringing a "true" Rule 60(b) motion. He neither contests the "procedural ruling[s] [made by] the habeas court" nor alleges that there was "a defect in the integrity of the federal habeas proceeding." Id. (citing Gonzalez, 545 U.S. at 532 & n.4).

Having characterized Dowell's motion as a second habeas petition, we now address whether the petition has merit. The Antiterrorism and Effective Death Penalty Act (AEDPA) "restrict[s] the power of the federal courts to entertain second or successive applications for writs of habeas corpus." Id. at 1215 (citing 28 U.S.C. § 2244). Under this statute, "[f]ederal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances." United States v. Kelly, 235 F.3d 1238, 1241 (10th Cir. 2000). These limited circumstances exist when there is either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (quoting 28 U.S.C. § 2255(h)). If the second or successive motion does not fall within these narrow constraints, it must be dismissed. Kelly, 235 F.3d at 1241.

In addition to the fact that second or successive habeas petitions must fall

4

within the narrow constraints set forth in 28 U.S.C. § 2255(h), habeas petitioners must follow certain procedures prior to bringing such petitions. Before an individual may file a second or successive habeas petition, he or she must obtain from this court an order "authorizing the district court to consider" the petition. 28 U.S.C. § 2244(b)(3)(A). Here, Dowell did not seek such authorization; instead, he simply filed a second habeas petition and then moved for a COA to challenge the district court's denial of the petition. However, rather than require Dowell to "retreat to square one and wend his way anew through the jurisdictional maze," Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999), we will interpret Dowell's COA as a request for authorization to file a second habeas petition.

Having reviewed the record before us, we decline to authorize Dowell to file a second habeas petition because the petition would not be proper under § 2255(h). Dowell argues that he is entitled to habeas relief because the district court lacked jurisdiction to try him for destruction of government property under 18 U.S.C. § 844(f). According to Dowell, because the federal government leased the building from a private company and did not actually hold title to the property, the district court lacked jurisdiction to try him for destruction of government property. Even if Dowell's argument had merit, he still would not be entitled to file a second habeas petition because his claim does not fall within the narrow constraints set forth in 28 U.S.C. § 2255(h). Dowell does not allege, and the record does not indicate, that he obtained any newly discovered evidence that

5

questions the legitimacy of his conviction. Further, we know of no new constitutional rulings made by the Supreme Court that apply retroactively to this case. Because Dowell did not argue lack of jurisdiction in his initial habeas petition, he cannot raise the issue now.

Nonetheless, we note that even if Dowell had argued in his initial habeas petition that the district court lacked jurisdiction, he still would not be entitled to habeas relief. This is because Dowell was properly tried and convicted under 18 U.S.C. § 844(f)(1). The statute states that it is unlawful for an individual to "damage[] or destroy[], . . . by means of fire . . . personal or real property in whole or in part owned or possessed by, *or leased to*, the United States." 18 U.S.C. § 844(f)(1) (emphasis added). Thus, while Dowell claims the district court lacked jurisdiction over him because the government did not own the destroyed building, § 844(f)(1) clearly states that a person can be convicted for destroying government property even if the property is leased to the federal government.

III

In addition to his application for a COA, Dowell filed four additional motions with this court. He first filed a motion for leave to proceed *in forma pauperis*. Dowell also filed three additional motions: a motion requesting release from incarceration pending appeal, a motion to expedite his appeal, and a motion to expand his application for a COA. Dowell's claim for relief in each of these

6

motions rests on his assertion that the district court lacked jurisdiction to try him for destruction of government property. As noted above, this argument lacks merit. Accordingly, Dowell is not entitled to release from incarceration, an expedited appeal, or the right to expand his COA on this basis.

IV

In addition to our denial of Dowell's implicit request to file a second habeas petition, Dowell's motion for unconditional release, his motion to expedite appeal, his motion to expand application for a COA, and his application for a COA are all DENIED. As Dowell has now paid his filing fee, his motion to proceed *in forma pauperis* is denied as moot. This appeal is hereby DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge