**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK DOWELL,

          Petitioner-Appellant,

v.

RENEE GARCIA,

          Respondent-Appellee.

No. 11-1565
(D.C. No. 1:11-CV-03017-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

In 2001, a federal jury in Colorado convicted Jack Dowell of destroying

government property by fire, *see* 18 U.S.C. § 844(f)(1) & (2), and forcibly interfering

with IRS employees and administration, *see* 26 U.S.C. § 7212(a). *See United States v.*

*Dowell*, 430 F.3d 1100 (10th Cir. 2005). After we affirmed his convictions and sentences

on appeal, Dowell moved to vacate his convictions under 28 U.S.C. § 2255. *Id.* The

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

motion, which claimed Dowell was denied effective assistance of counsel at trial, was denied, and Dowell's appeal from the denial was unsuccessful. *United States v. Dowell*, 388 F. App'x 781, 783-84 (10th Cir. 2010).

Dowell has since filed several additional motions challenging the validity of his criminal judgment, including a motion to amend his § 2255 motion, a motion to disqualify the district judge, and a Rule 60(b) motion to set aside the § 2255 order as void for want of jurisdiction. *United States v. Dowell*, 438 F. App'x 706, 707-08 (10th Cir. 2011). The motions were denied, and when Dowell tried to appeal, we construed his request for a certificate of appealability as one for authorization to file a second motion under § 2255 and denied it. *Id*. at 707.

Dowell has returned for a third round, this time on appeal from the district court's denial of his 28 U.S.C. § 2241 petition for habeas corpus relief. The essence of his argument is that the United States lacked jurisdiction to try him for destruction of property because it did not hold title to the building he tried to set ablaze.[1] The district court denied relief. If a prisoner has already tried and failed under § 2255, he can proceed under § 2241 only on the exceedingly rare occasion when the remedy provided under § 2255 was inadequate to challenge his conviction. *See Prost v. Anderson*, 636

---

[1] We rejected this argument in our order denying Dowell authorization to file a second § 2255 motion. *Dowell*, 438 F. App'x at 709. We concluded the argument is without merit because the criminal statute covering destruction of property covers fire damage to real property "owned or possessed by, *or leased to*, the United States," 18 U.S.C. § 844(f)(1) (emphasis added), and that even if the argument had merit, Dowell would not be entitled to file a second § 2255 motion because his claim did not fall within the limited exceptions set forth in § 2255(h). *Dowell*, 438 F. App'x at 709.

F.3d 578, 588 (10th Cir.), cert. denied, 132 S. Ct. 1001 (2011).  Dowell, the court

explained, could not provide a plausible basis for finding the § 2255 remedy inadequate.

The court went on to deny Dowell's request to proceed on appeal without prepaying fees,

concluding there were no non-frivolous arguments in support of a potential appeal.  *See*

28 U.S.C. § 1915(a)(3).

Having reviewed the record and the district court's order, we conclude the district

court's reasoning was sound.[2]  Although a petition under § 2241 may be proper when the

remedy under § 2255 is inadequate, that is not the case here.  Dowell could have raised

his jurisdictional challenge in his first round of collateral review, and the bar to raising

the claim in a successive petition does not make § 2255 inadequate.  *See Prost*, 636 F.3d

at 585.  We agree with the district court; Dowell is not entitled to proceed on appeal

without prepayment of filing and docketing fees.  *See* 28 U.S.C. § 1915(a)(3).

AFFIRMED.

**Entered by the Court:**

Terrence L. O'Brien
United States Circuit Judge

---

[2] Although state prisoners proceeding under § 2241 must be granted a certificate of appealability ("COA") before their appeal can be considered on the merits, appeals from federal prisoners proceeding under § 2241 (but not § 2255) can be heard without a COA.  *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).