FILED
United States Court of Appeals
Tenth Circuit

April 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACK DOWELL,

Defendant - Appellant.

No. 13-1357
(D.C. Nos. 1:07-CV-02002-RPM and
1:01-CR-00395-RPM-3)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

In April 2003, a jury found Petitioner Jack Dowell guilty of destroying government property by fire and forcibly interfering with IRS employees and administration. *United States v. Dowell*, 430 F.3d 1100, 1104 (10th Cir. 2005). His convictions were affirmed on direct appeal. *Id*. On September 24, 2007, Dowell filed a post-conviction motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising fifteen claims of ineffective assistance of counsel. After holding an evidentiary hearing, the district court denied the motion in a ruling from the bench. This court denied Dowell's request for a

certificate of appealability ("COA"). *United States v. Dowell*, 388 F. App'x 781, 785 (10th Cir. 2010).

After filing several additional post-judgment motions, Dowell sought authorization from this court to file a second or successive § 2255 motion. Concluding the district court had failed to rule on seven of the ineffective assistance claims raised in the § 2255 motion, this court held that Dowell did not need authorization to pursue his claim that the district court committed procedural error by failing to consider and rule on those claims.

Dowell then filed a motion pursuant to Rule 60(b)(4) with the district court, asking that court to declare its order denying the § 2255 motion void because the procedural irregularities violated his right to due process. The district court refused to grant the relief requested by Dowell, but corrected the procedural error by addressing the seven ineffective assistance claims on the merits. Concluding Dowell was not entitled to relief on any of the claims, the district court entered judgment denying Dowell's § 2255 motion in its entirety.

Dowell is before this court seeking a COA so he can appeal the disposition of his Rule 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) ("If the district court correctly treated the motion . . . as a true Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability (COA) before proceeding with his or her appeal." (quotation omitted)). To be entitled to a COA, Dowell must make "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Dowell must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses habeas claims on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Dowell has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*. at 338. Although Dowell need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id*. (quotations omitted).

This court has reviewed Dowell's appellate briefs, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court and concludes Dowell is not entitled to a COA. The district court did not, as Dowell argues, recharacterize his Rule 60(b) motion as a § 2255 motion.

Instead, the court recognized that Dowell cannot obtain the relief he seeks pursuant to Rule 60(b)(4) because several of the claims raised in his § 2255 motion have already been fully adjudicated. The court, therefore, treated the motion as one filed pursuant to Rule 60(b)(6) and granted Dowell the only relief possible—correction of the procedural error by the adjudication of the seven ineffective assistance claims that were overlooked when the § 2255 motion was first considered. In his application for a COA, Dowell does not challenge the district court's disposition of those seven claims.

Accordingly, we **deny** Dowell's request for a COA and **dismiss** this appeal. Dowell's request to proceed in forma pauperis on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge