**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACK DOWELL,

    Defendant - Appellant.

No. 15-1017

(D.C. Nos. 1:07-CV-02002-RPM &
1:01-CR-00395-RPM-3)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

Jack Dowell, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of a motion he made to the district court under Fed. R. Civ. P. 60(b)(4). Dowell also asks to proceed *in forma pauperis*. For the following reasons, we deny Dowell's application for a COA, deny his motion for leave to proceed on appeal *in forma pauperis* as moot, and dismiss his appeal.

The solution here is simple, but the background is a bit lengthy. In 1997, an arson seriously damaged an Internal Revenue Service (IRS) office in Colorado Springs. Six years later, in connection with that incident, a federal jury convicted Dowell of (1) destruction of government property, and (2) forcible interference with employees and administration of the IRS. The district court then sentenced him to

30 years in jail. We rejected his challenges to his convictions and sentence on direct appeal. See United States v. Dowell, 430 F.3d 1100 (10th Cir. 2005).

In 2007, Dowell filed a pro se motion under 28 U.S.C. § 2255, asking the district court to vacate his sentence. He raised over a dozen claims of ineffective assistance of counsel. The court appointed counsel for Dowell, held an evidentiary hearing, and denied the motion (as well as a COA). We affirmed. See Dowell, 388 F. App'x 781 (10th Cir. 2010) (unpublished). Dowell then filed, along with other motions, a motion under Fed. R. Civ. P. 60(b) asking the district court to set aside, on jurisdictional grounds, the order denying his habeas petition. The court declined to do so and again denied a COA. On appeal, in a September 9, 2011 order, we re-characterized Dowell's COA application as a request for authorization to file a second habeas petition and denied this request, along with several other motions. See Dowell, 438 F. App'x 706 (10th Cir. 2011) (unpublished).

In 2013, Dowell filed a pro se request directly with us, asking for authorization to file a second or successive § 2255 motion. In part, Dowell complained the district court had failed to consider and rule on seven claims from his original § 2255 motion. In an order issued on May 22, 2013, we agreed the court did "not seem to have specifically addressed the [alleged] procedural errors" in question. Moreover, we held, redressing this omission did not require our authorization, as correcting errors in a § 2255 motion does not require a second or successive habeas petition. We therefore dismissed Dowell's motion, as it pertained

2

to the unaddressed claims, as unnecessary. Dowell thereafter filed a number of related motions with the district court, under Fed. R. Civ. P. 60(b), requesting a new appointment of counsel, an evidentiary hearing, and a declaration that the court's original order denying his § 2255 motion was void.

The district court did none of these things. Rather, on July 19, 2013, the court issued an order addressing all seven of the disputed claims and denying Dowell's § 2255 motion in its entirety. The court dismissed three of the claims with just one sentence apiece—two for having "no legal merit" and one for being conclusory and without support in the record. Once again, the court declined to issue a COA.

And once again, Dowell appealed to us. In this appeal, he did not challenge the district court's disposition of the seven claims. Rather, he made procedural arguments, claiming the court had inappropriately handled his motions by not granting him new counsel or an evidentiary hearing. On April 8, 2014, we denied Dowell's COA application, stating that the court had "granted Dowell the only relief possible—correction of [its earlier] procedural error by the adjudication of the seven ineffective assistance claims that were overlooked." Several months later, Dowell filed another Rule 60(b)(4) motion with the district court, raising identical procedural arguments. On July 7, 2014, the court denied the motion, noting that our April 8 order resolved the issues in question. Dowell then appealed to us, and we denied a COA on October 23, 2014. As part of this denial, we again noted that the district court had addressed the seven claims in question.

3

This brings us to the present dispute. On December 18, 2014, Dowell filed yet another Rule 60(b)(4) motion with the district court. This time, in addition to arguing the same procedural errors as before, he also contended the court gave short shrift to the claims it dismissed with one sentence apiece. On these specific issues, he asserted, the court failed in its duty to "make findings of fact and conclusions of law." 28 U.S.C. § 2255(b). The court again denied the motion and a COA, writing that the "claims sought to be raised in this motion have been fully adjudicated."

Dowell now asks us for a COA, making the same arguments. And, although we construe pro se filings liberally, see Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we again deny a COA. To begin, the claims Dowell brought in his prior Rule 60(b)(4) motions clearly fail, for the obvious reason that we have *twice* explicitly dismissed them. That said, Dowell has thrown a wrinkle into this most recent motion with his argument concerning the brevity of the court's ruling on several specific issues. This wrinkle, though, does him no better. Although Dowell apparently did not make this argument in his prior appeals, our prior orders plainly hinged on our belief that the district court had *corrected* its earlier procedural error "by the adjudication of the seven ineffective assistance claims that were overlooked." We are bound by our prior decisions in this case, so Dowell cannot prevail by challenging an adjudication that we previously approved. See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1410 (10th Cir. 1996) ("[L]aw of the case applies to issues that are resolved implicitly . . . .").

4

Moreover, Dowell misreads § 2255(b), which requires a district court to "make findings of fact and conclusions of law" *unless* "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Here, the court apparently believed the claims in question did not require extensive fact findings or legal analysis—*i.e.*, the record conclusively showed Dowell was not entitled to relief—and Dowell provides nothing to undermine this conclusion. Dowell does cite, *inter alia*, United States v. Marr, 856 F.2d 1471 (10th Cir. 1988), where we remanded a § 2255 appeal and told the district court to produce a "reasoned decision." Id. at 1473. But there, the court had denied the prisoner's habeas claim with no explanation whatsoever; indeed, nothing indicated the court had even "reviewed the files and records of the case." Id. at 1471–72. Here, to the contrary, the court issued a reasoned, seven-page order in which it dismissed four claims with longer explanations and three claims with shorter explanations. And one of the shorter explanations explicitly says the court could find no support *in the record* for the claim, indicating the court had reviewed the record. This suffices.

5

As such, we DENY Dowell's motion for a COA, DENY his motion to proceed

*in forma pauperis* as moot, and DISMISS his appeal.[1]

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[1] Given this appeal's background, we also caution Dowell that future frivolous appeals on this matter may result in summary disposition without discussion or an order requiring him to show cause to avoid appellate filing restrictions or sanctions.