**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JACK DOWELL,

      Petitioner - Appellant,

v.

RICHARD HUDGINS, Warden, FCI
Englewood,

      Respondent - Appellee.

No. 19-1118
(D.C. No. 1:19-CV-00275-LTB)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Jack Dowell, a prisoner in federal custody proceeding pro se,[1] appeals the

district court's denial of his application for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. We affirm the district court.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Dowell is proceeding pro se, "we liberally construe his filings,
but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir.
2013).

# I. BACKGROUND

In 2001, following a jury trial, Mr. Dowell was convicted of destroying government property by fire in violation of 18 U.S.C. §§ 2, 844(f)(1) & 2 ("Count One"), and forcibly interfering with Internal Revenue Service employees and administration in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7212(a) ("Count Two"). *United States v. Dowell*, 430 F.3d 1100, 1105 (10th Cir. 2005). The district court sentenced him to 360 months' imprisonment, and we affirmed his conviction and sentence on direct appeal. *See id.*

In 2007, Mr. Dowell filed his first motion for post-conviction relief under 28 U.S.C. § 2255, asking the district court to vacate his sentence and raising over a dozen claims of ineffective assistance of counsel. *United States v. Dowell*, 388 F.App'x 781, 782–83 (10th Cir. 2010) (unpublished). After appointing counsel for Mr. Dowell and holding an evidentiary hearing, the district court denied the § 2255 motion and denied a COA; we likewise denied a COA. *Id.* at 785. Since then, Mr. Dowell has made several other attempts at post-conviction relief. *See United States v. Dowell*, 604 F. App'x 702, 703 (10th Cir. 2015) (unpublished) (recounting post-conviction proceedings).

Relevant to the present case, in 2018, Mr. Dowell sought our authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, arguing his conviction on Count Two was invalid in light of the

2

Supreme Court's decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018).[2] We denied his motion, reasoning that *Marinello* did not announce a new rule of constitutional law retroactively applicable to cases on collateral review. Following our denial, Mr. Dowell applied to the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The magistrate judge ordered Mr. Dowell to show cause why his habeas application should not be dismissed on the grounds that 28 U.S.C. § 2255 afforded him an adequate and effective remedy. Mr. Dowell filed a response, arguing § 2255 afforded him an inadequate remedy because (1) the Tenth Circuit had denied him permission to pursue his *Marinello* claim in a second or successive § 2255 motion, and (2) his claim was not reasonably available until the Supreme Court decided *Marinello*. The district court rejected both arguments and dismissed Mr. Dowell's application for a writ of habeas corpus for lack of jurisdiction. Mr. Dowell timely appealed.

---

[2] In *Marinello*, the Supreme Court interpreted the second clause of 26 U.S.C. § 7212(a), an Internal Revenue Code provision making it a felony to "corruptly or by force . . . endeavor[] to obstruct or impede, the due administration of [the Tax Code]." 138 S. Ct. 1101, 1104 (2018) (quoting 26 U.S.C. § 7212(a)). The Court held that "'the due administration of [the Tax Code]' does not cover routine administrative procedures that are near-universally applied to all taxpayers, such as the ordinary processing of income tax returns." *Id.* (quoting 26 U.S.C. § 7212(a)). Instead, conviction under this provision requires proof of "specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit." *Id.*

3

## II. DISCUSSION

### A. *Standard of Review*

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (quotation marks omitted). We review "[a] district court's decision to grant or deny an evidentiary hearing in a habeas proceeding . . . for an abuse of discretion." *Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 858 (10th Cir. 2005).

### B. *Discussion*

"[Section] 2241 petitions . . . are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). However, 28 U.S.C. § 2255(e) includes a "savings clause" which sometimes allows a prisoner to challenge the legality of his detention, not simply the conditions of his confinement, under § 2241. 28 U.S.C. § 2255(e). "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 581 (quoting 28 U.S.C. § 2255(e)) (alteration omitted). In sum, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quotation marks omitted). Moreover, "the mere fact [that a prisoner] is precluded from filing a second § 2255 petition does not establish that the

remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Rather, "[t]he relevant metric or measure" in determining whether § 2255 affords an adequate remedy "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost*, 636 F.3d at 584.

Because Mr. Dowell's challenge goes to the validity of his conviction and sentence, he bears the burden of demonstrating that the remedy available under § 2255 is inadequate or ineffective—that is, whether his challenge could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584.

But Mr. Dowell's primary argument on appeal does not squarely address this question. Rather, he argues he is "being deprived of liberty without due process of law because," in *Prost* and its progeny, this court has "issued rulings that suspended the writ of habeas corpus." Aplt. Br. at 5. Accordingly, he devotes much of his briefing to arguing that *Prost* was wrongly decided.

To be sure, as Mr. Dowell observes, the circuit courts are split on whether § 2255(e)'s "saving clause permits a prisoner to challenge his detention when a change in statutory interpretation raises the potential that he was convicted of conduct that the law does not make criminal." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179 (3d Cir. 2017). Along with the Eleventh Circuit, we have held that an intervening change in statutory interpretation is insufficient to render § 2255's remedy inadequate or ineffective. *Prost*, 636 F.3d at 588; *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099–1100 (11th Cir. 2017).

5

Several other circuits have adopted a contrary position, "though based on widely divergent rationales." *Bruce*, 868 F.3d at 179–80 (collecting cases). Mr. Dowell asserts the district court "failed to address all the reasons set forth in [those] cases that the [§ 2255] remedy is both inadequate [and] ineffective to test the legality of [his] detention." Aplt. Br. at 8. But because our decision in *Prost* bound the district court—and, for that matter, binds us—other circuits' arguments for a contrary position are unavailing. *See United States v. Bettcher*, 911 F.3d 1040, 1046 (10th Cir. 2018) ("Absent en banc reconsideration, earlier panels' decisions bind us unless the Supreme Court issues an intervening decision that is contrary to or invalidates our previous analysis." (internal quotation marks omitted)).

Mr. Dowell also argues that *Marinello* announced a new rule of constitutional law that applies retroactively to his case. In light of *Marinello*'s holding that a conviction under the second clause of 26 U.S.C. § 7212(a) requires a finding of "specific interference with targeted governmental tax-related proceedings" such as an audit, he argues the jury instruction for Count Two in his case unconstitutionally "relieved the prosecution of its burden of proof . . . and deprived Mr. Dowell of due process of law."[3] Aplt. Br. at 21. Even assuming the merits of this argument, it has no

---

[3] Although we need not reach the issue here, we note that Mr. Dowell was apparently convicted for violating the *first* clause of 26 U.S.C. § 7212(a), on whose interpretation *Marinello* has no bearing. *See* 26 U.S.C. § 7212(a) (making it a felony to "corruptly or by force or threats of force . . . endeavor[] to intimidate or impede any officer or employee of the United States acting in an official capacity under [the Tax Code]"); *United States v. Dowell*, 430 F.3d 1100, 1105 (10th Cir. 2005) (noting the jury convicted Mr. Dowell of "forcibly interfering with IRS employees and administration, violating . . . 26 U.S.C. § 7212(a)").

6

bearing on the question before us of whether the district court properly dismissed Mr. Dowell's § 2241 petition. Indeed, if *Marinello* did establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," and was applicable to Mr. Dowell's case, then the appropriate path would be to seek our authorization for a second or successive § 2255 motion.[4] 28 U.S.C. § 2255(h). On the other hand, if *Marinello* merely announced a new statutory interpretation, then Mr. Dowell's argument runs up against our holding in *Prost* that an intervening change in statutory interpretation does not render § 2255's remedy inadequate or insufficient. *See Prost*, 636 F.3d at 580 ("The fact that § 2255 bars [a petitioner] from bringing his statutory interpretation argument *now*, in a *second* § 2255 motion . . . doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument. It just means he waited too long to raise it.").

Finally, Mr. Dowell argues the district court should have held "an evidentiary hearing to afford him an opportunity to prove that he is actually innocent of Count Two." Aplt. Br. at 4. But the district court properly denied an evidentiary hearing because Mr. Dowell's § 2241 motion was improper. "Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013). "Accordingly, in resolving Mr. [Dowell's] appeal . . . we have

---

[4] As noted above, we have already denied Mr. Dowell authorization for a second or successive petition based on his *Marinello* claim because we determined the claim did not satisfy the requirements of 28 U.S.C. § 2255(h).

7

no need to delve into whether [he] has made a threshold showing of actual innocence." *Id.* Because § 2241 was not a proper vehicle for Mr. Dowell's *Marinello* claim, there was no need for the district court to hold an evidentiary hearing "on the merits of his claim contesting the validity of his conviction." Aplt. Br. at 24.

### III.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge