**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL DEMETRIUS MITCHELL,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA, and ERIC
R. FRANKLIN, Warden,

Respondents-Appellees.

No. 05-5125

(D.C. No. 03-CV-729-CVE-FHM)
(N. D. Okla.)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

---

Carl Demetrius Mitchell, an Oklahoma state prisoner appearing pro se, seeks

a certificate of appealability ("COA") in order to challenge the district court's denial

of his habeas petition pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. § 2253(c)(1)(A)

(providing that no appeal may be taken from a final order disposing of a § 2254

petition unless the petitioner first obtains a COA).  We deny his request for a COA,

and dismiss the matter.

I.  Background

Mitchell was charged in Oklahoma state court, Case No. CF-2002-2512, with

three counts: trafficking in cocaine, after former conviction of two or more felonies

(Count1); possession of a firearm, after former conviction of two or more felonies (Count 2); and driving without a seat belt (Count 3). On June 10, 2002, Mitchell entered a plea of *nolo contendere* to an amended charge on Count 1 for possession of a controlled drug with intent to distribute, after former conviction of two or more felonies. The State voluntarily dismissed Counts 2 and 3. The court ordered that the sentence was to run concurrently with Mitchell's sentences in two other cases: Case Nos. CF-2002-684 (uttering a forged instrument) and CF-2001-6547 (possession of a controlled substance).

Although the state district court advised Mitchell of his right to appeal, and the necessary steps to be taken by him to perfect an appeal, Mitchell did not file a direct appeal of his conviction, nor did he timely file a motion to withdraw his *nolo contendere* plea. On April 28, 2003, Mitchell filed a pro se application for post-conviction relief, arguing that the prosecutor failed to inform the trial court of the correct range of punishment. On June 9, 2003, the state district court determined that Mitchell waived the issue because he took no steps to appeal his conviction, despite being informed of his right to do so. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed on August 19, 2003. Specifically, the OCCA concluded that Mitchell did not articulate sufficient reasons to explain his failure to timely file a direct appeal, and thus, he waived the issue.

## II. Discussion

Mitchell's habeas petition raises three issues. First, Mitchell argues that the

2

prosecutor misinformed the state district court as to the correct range of punishment. Second, Mitchell maintains that his appointed attorney provided ineffective assistance of counsel when he failed to object to the prosecutor's misrepresentation and then failed to perfect a direct appeal on the issue. Finally, Mitchell contends that Oklahoma's post-conviction remedy violates due process and equal protection guarantees because it is inadequate to attack a flawed sentence.

To be entitled to a COA, Mitchell must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Mitchell has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Mitchell is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." Id. (quotations omitted).

This court has reviewed Mitchell's application for a COA and appellate brief, the district court's order, the orders issued by the Oklahoma state courts, and the entire record of appeal pursuant to the framework set out by the Supreme Court in

Miller-El. We conclude that Mitchell is not entitled to a COA.

Despite apparent procedural bar issues, in the interest of judicial economy, we conclude that Mitchell's case is "more easily and succinctly affirmed on the merits." Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000) (citations omitted).

Mitchell's primary argument is that the prosecutor misrepresented to the state court that thirty years was the minimum sentence it could impose for his original drug trafficking charge. Upon our review of the sentencing transcript, we are unable to locate any reference by the prosecutor to a thirty-year sentence. The prosecutor recommended a sentence of twenty-five years in Case No. CF-2002-2512, twenty-five years in Case No. CF-2002-684, and ten years in Case No. CF-2001-6547, all to run concurrently. Mitchell stated that he understood the plea agreement described by the prosecutor. As a follow-up, the state court asked Mitchell what he understood his sentence to be in the three cases and Mitchell answered: "Twenty-five years in the Department of Corrections." Subsequently, Mitchell pled no contest on all three counts, and the state court imposed a sentence consistent with the prosecutor's recommendation.

The only reference to a thirty year sentence is found at the second page of the "Findings of Fact–Acceptance of Plea" ("the plea document") prepared by Mitchell's attorney. Specifically, the plea document indicates that the range of punishment for the original Count 1 charge of drug trafficking was thirty years to life. On that same page, however, the plea document states that the agreement is as follows: Count 1

4

amended to possession of a controlled substance with intent to distribute, 25 years; dismissal of Counts 2 and 3; and for the sentence to run concurrently with Case Nos. CF 2002-684 and CF-2001-6547. The plea document shows that the prosecutor did not misstate the parties' agreement. Moreover, we agree with the conclusion reached by the district court that the plea document correctly calculated the applicable range for the original drug trafficking charge, after conviction of two or more felonies. See Dist. Ct. Order at 5 n.2. Based on this conclusion, we conclude that Mitchell's remaining ineffective assistance of counsel claim and his challenge to Oklahoma's post-conviction procedures lack merit.

Mitchell's claims are not reasonably subject to debate, nor are they adequate to deserve further proceedings. Mitchell has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, we DENY Mitchell's request for a COA and DISMISS this matter. We also DENY Mitchell's motion to proceed in forma pauperis as moot as he has paid his filing fee in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5