FILED
United States Court of Appeals
Tenth Circuit

June 12, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARIA ISABEL PEREZ-CASTRO,
a/k/a Isabel Perez,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 12-9579
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

Maria Isabel Perez-Castro is a native and citizen of Mexico who illegally entered the United States in 1996. She was arrested in Colorado and pleaded guilty to one count of attempted second degree burglary of a building or occupied structure under Colo. Rev. Stat. § 18-4-203(1). In removal proceedings she conceded that she

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was inadmissible but sought cancellation of removal. To be eligible for cancellation, petitioner had to show, among other things, that she "ha[d] not been convicted of an offense under [8 U.S.C. §] 1182(a)(2)," 8 U.S.C. § 1229b(b)(1)(C), which includes "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime," *id.* § 1182(a)(2)(A)(i)(I).

An immigration judge (IJ) denied petitioner's application for cancellation of removal, reasoning that her conviction was a crime involving moral turpitude (CIMT) because it involved the attempted burglary of a dwelling, and the Board of Immigration Appeals (BIA) has held that "the conscious and overt act of unlawfully entering or remaining in an occupied *dwelling* with the intent to commit a crime" constitutes a CIMT, *In re Louissant*, 24 I. & N. Dec. 754, 758 (BIA 2009) (emphasis added). The BIA agreed, concluding that petitioner failed to meet her burden of showing that her conviction did not involve a dwelling.[1] Petitioner now seeks our review, contending that her conviction was not a CIMT because it did not involve the attempted burglary of a dwelling. We disagree and therefore deny the petition for review.

Whether a conviction constitutes a CIMT is a question of law that we review de novo. *Garcia v. Holder*, 584 F.3d 1288, 1289 & n.2 (10th Cir. 2009). "Because a

---

[1] The IJ determined that petitioner also was ineligible for cancellation because she had not shown the requisite hardship to a qualifying relative, *see* 8 U.S.C. § 1229b(b)(1)(D), but the BIA based its decision solely on the CIMT ground and did not reach the hardship ground.

single member of the BIA decided [petitioner's] appeal and issued a brief opinion, we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted).

"To determine whether a state conviction is a crime involving moral turpitude, we ordinarily employ the categorical approach." *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011). "Under that approach, we are initially limited to considering the statutory definition of the crime, not the underlying factual circumstances of the crime." *Id.* (ellipsis and internal quotation marks omitted). However, we use a modified categorical approach when the state statute has been used to convict offenders of offenses that do not constitute a CIMT. *See id.* at 1267, 1269. Colorado has used Colo. Rev. Stat. § 18-4-203(1) to convict offenders of second degree burglary not involving a dwelling, which is defined by Colorado law as "a building which is used, intended to be used, or usually used by a person for habitation," Colo. Rev. Stat. § 18-1-901(3)(g). *See, e.g.*, *People v. Moyer*, 635 P.2d 553, 554 (Colo. 1981) (fenced enclosure used as outdoor dog kennel); *People v. Barefield*, 804 P.2d 1342, 1344 (Colo. App. 1990) (county attorney's office). Therefore, our analysis begins with the modified categorical approach.

"Under the modified [categorical] approach, in a non-jury case such as this, we may consider the charging documents, the written plea agreement, the transcript of plea colloquy, and any explicit factual finding by the trial judge to which the

defendant assented," as well as "a presentence report." *Rodriguez-Heredia*, 639 F.3d

at 1269 (brackets and internal quotation marks omitted). Here we have only the

charging document and a computerized printout documenting petitioner's

conviction.[2] Petitioner pleaded guilty to an added count of an information charging

that she,

> by engaging in conduct constituting a substantial step toward the
> commission of second degree burglary of a building, unlawfully,
> feloniously, and knowingly remained unlawfully after a lawful or
> unlawful entry into the building or occupied structure of Francisco
> Macias-Acevedo . . . with the intent to commit therein the crime of
> Harassment, in violation of section 18-4-203(1), and 18-2-101.

Admin. R. at 203-04; *see also id.* at 535-38. The documentation of her conviction

shows that she pleaded guilty to attempted second degree burglary of a building in

violation of Colo. Rev. Stat. § 18-4-203(1), and the conviction is identified as a

class 5 felony.[3]

---

[2] Petitioner complains that the IJ impermissibly considered the police report of the incident. We agree that this was improper under the BIA's precedent. *See In re Teixeira*, 21 I. & N. Dec. 316, 319-20 (BIA 1996). But the BIA did not consider the police report or incorporate the IJ's reasoning, and our review is limited to the reasons the BIA gave. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) ("As long as the BIA decision [in a single-member case] contains a discernible substantive discussion, . . . our review extends no further, unless it specifically incorporates or references an expanded version of the same reasoning [by the IJ].").

[3] Colo. Rev. Stat. § 18-4-203(1) provides that "[a] person commits second degree burglary, if the person knowingly breaks an entrance into, enters unlawfully in, or remains unlawfully after a lawful entry in a building or occupied structure with intent therein to commit a crime against another person or property." The completed offense is a class 4 felony, *see id.* § 18-4-203(2), but attempted second degree burglary is a class 5 felony, *see id.* § 18-2-101(4).

Petitioner first argues that the Colorado statutory definitions of "building," "occupied structure," and "dwelling" are not synonymous. Colorado defines "building" as

> a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property, and includes a ship, trailer, sleeping car, airplane, or other vehicle or place adapted for overnight accommodations of persons or animals, or for carrying on of business therein, whether or not a person or animal is actually present.

Colo. Rev. Stat. § 18-4-101(1). "Occupied structure" is defined as

> any area, place, facility, or enclosure which, for particular purposes, may be used by persons or animals upon occasion, whether or not included within the definition of "building" in subsection (1) of this section, and which is in fact occupied by a person or animal, and known by the defendant to be thus occupied at the time he acts in violation of one or more of sections 18-4-102 to 18-4-105.

*Id.* § 18-4-101(2). And again, "dwelling" is defined as "a building which is used, intended to be used, or usually used by a person for habitation." *Id.* § 18-1-901(3)(g).

Petitioner claims that to be a dwelling, a building must be used for habitation, and the record of her conviction does not show that the building she attempted to burglarize was used for habitation. But this argument overlooks a critical factor— that petitioner has the burden of proof to show that her conviction did *not* involve a dwelling. *See* 8 U.S.C. § 1229a(c)(4)(A)(i); *Garcia*, 584 F.3d at 1289-90. Parsing the statutory definitions, it is clear that although not all buildings and occupied structures are dwellings, all dwellings are buildings and occupied structures. Hence, petitioner's reliance on the absence of the word "dwelling" from the record of her

- 5 -

conviction does not suffice to meet her burden of showing that her conviction did *not* involve a dwelling.

Petitioner next argues that the fact she was convicted of a class 5 felony precludes a finding that her offense involved a dwelling because attempted burglary of a dwelling under the relevant Colorado statutes is a more-serious class 4 felony. *See id.* §§ 18-2-101(4), 18-4-203(2)(a). But when a dwelling is involved in a burglary of a building or occupied structure, Colorado treats the increase in offense level as a sentencing enhancement, not an element of the offense. *See People v. Garcia*, 940 P.2d 357, 359-63 (Colo. 1997). Thus, the mere fact that the sentencing court did not impose the enhancement when accepting the plea agreement does not establish that petitioner's conviction did not involve a dwelling.

In her reply brief, petitioner also points out that the computerized documentation of her conviction shows that she was originally charged with second degree burglary of a dwelling under Colo. Rev. Stat. § 18-4-203(1) and (2)(a), the latter of which contains the sentencing enhancement when a dwelling is involved, but she was ultimately convicted of attempted second degree burglary under only § 18-4-203(1). She contends that this lends support to her argument that she was not convicted of attempted burglary of a dwelling. However, she did not present this argument to the BIA, so we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1) (setting forth exhaustion requirement); *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) (holding that issue exhaustion is jurisdictional and

review "does not extend to points an alien could have made before the [BIA] but did not"). Furthermore, "[w]e decline to consider arguments raised for the first time in a reply brief." *United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996).

The petition for review is denied. Petitioner's application to proceed *in forma pauperis* is denied as moot since she has paid the filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge