**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEREK RYAN SCHELL,

              Petitioner-Appellant,

v.

MARVIN VAUGHN, Warden,

              Respondent-Appellee.

No. 12-6271
(D.C. No. 5:12-CV-00860-C)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Petitioner-Appellant Derek Ryan Schell, an Oklahoma state prisoner

proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, and also requests court-appointed counsel. For the reasons that follow,

---

[*]       This order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]       Because Mr. Schell is proceeding pro se, we afford his filings a
liberal construction. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir.
2010); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

we **deny** Mr. Schell a COA, **deny** his motion for appointment of counsel as moot, and **dismiss** this matter.

## I

Mr. Schell is serving a sentence of ten years' imprisonment in the Oklahoma Department of Corrections ("ODOC"). His confinement is also the subject of a factually related appeal arising out of the Western District of Oklahoma, which we will address in a separate order and judgment. In that appeal (No. 12-6267), Mr. Schell challenges the district court's dismissal of his claims brought pursuant to 42 U.S.C. § 1983 against the Director of the ODOC and various other ODOC employees. *See Schell v. Jones*, Dist. Ct. No. 5:12-cv-00866-M, Doc. 1, at 1 (Compl., filed Aug. 10, 2012) (alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights).

Shortly before filing his § 1983 lawsuit, Mr. Schell also sought habeas relief in the Western District of Oklahoma. Specifically, on August 7, 2012, he filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in order to challenge the validity of his conviction. In a report and recommendation, the magistrate judge advised that Mr. Schell's filing was a "second or successive" habeas petition over which the district court lacked jurisdiction. Mr. Schell had filed his first petition for habeas corpus in the Eastern District of Oklahoma on May 4, 2012, in Cause No. 6:12-cv-00203-JHP-KEW. Accordingly, the magistrate judge recommended that the district court dismiss Mr. Schell's

-2-

petition. Over Mr. Schell's objection, the district court adopted the magistrate judge's findings and entered an order of dismissal. Mr. Schell's timely appeal followed.

## II

In this appeal, Mr. Schell seeks a COA to challenge the dismissal of the habeas petition that he filed on August 7, 2012, in the Western District of Oklahoma. In that petition, among other things, Mr. Schell challenged the validity of his state-court conviction on several grounds.

## A

"A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009); *see* 28 U.S.C. § 2253(c)(1)(A). A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); he can do this by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dodd v. Trammell*, 730 F.3d 1177, 1205 (10th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

An applicant denied habeas relief on procedural grounds "must also show 'that jurists of reason would find it debatable . . . whether the district court was

correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (omission in original) (quoting *Slack*, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

## B

Based on these standards and the thorough analysis undertaken by the district court, we are satisfied that no COA should issue. As the magistrate judge correctly noted, Mr. Schell has now instituted two § 2254 actions in two different federal courts—the Eastern and Western Districts of Oklahoma—to challenge the same state-court conviction. And, in an analysis duly reflecting the operative filing deadlines, the district court for the Eastern District of Oklahoma dismissed Mr. Schell's first petition as time-barred. *See Schell v. Vaughn*, Dist. Ct. No. 6:12-cv-00203-JHP-KEW, Doc. 23, at 2 (Op. & Order, filed July 11, 2012). Here, consequently, the district court properly construed Mr. Schell's filing as a second or successive habeas petition over which it lacked jurisdiction.

"The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir.), *cert. denied*, --- U.S. ----, 134 S. Ct. 269 (2013). Notably, "[b]efore a second or successive [§ 2254] application . . . is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *accord Case*, 731 F.3d at 1026. If the petitioner does not heed this statutory directive, the district court has no jurisdiction to consider his second or successive filing. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Schell did not obtain authorization from our court to file this second or successive petition in the Western District of Oklahoma; therefore, unless it was obliged to do so by 28 U.S.C. § 1631, the district court committed no error in dismissing Mr. Schell's second or successive habeas petition for lack of jurisdiction. We conclude that § 1631 offered no succor to Mr. Schell.

Section 1631 permits the transfer of unauthorized second or successive habeas petitions to this court if it is in the interest of justice to do so. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Cline*, 531 F.3d at 1251–52. In *Cline*, we provided factors to guide the interest-of-justice inquiry: "whether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." 531 F.3d at 1251. Applying the *Cline* test to Mr. Schell's filing demonstrates that the district court did not err in failing to grant an interest-of-justice transfer under § 1631. For the reasons explicated by the district court, Mr. Schell's second petition was clearly time-barred—filed almost fifteen months

-5-

after the limitations period expired in May 2011. Guided by *Cline*, we thus agree with the district court's decision not to transfer his petition.

Mr. Schell advances no reasoned arguments for why—notwithstanding his procedural error of filing a second or successive habeas petition without prior authorization—a COA should issue. We therefore discern no basis for upsetting the sound judgment of the district court. We conclude that no reasonable jurist could debate the correctness of the district court's dismissal of Mr. Schell's petition on procedural grounds, nor find that the petition presented any issues that "were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Consequently, Mr. Schell is not entitled to a COA.

### III

For the foregoing reasons, we **deny** a COA and **dismiss** the matter; accordingly, we **deny** Mr. Schell's motion for appointment of counsel as moot.[2]

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[2] Mr. Schell filed a motion in our court in January 2013 to proceed *in forma pauperis* on appeal in this matter. However, the full appellate filing fee already had been paid on Mr. Schell's behalf in November 2012. Accordingly, we dismiss this pending motion as moot.