FILED
United States Court of Appeals
Tenth Circuit

August 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

COREY BURGESS,

       Petitioner - Appellant,

v.

CHARLES A. DANIELS,

       Respondent - Appellee.

Nos. 13-1101 & 13-1235
(D.C. No. 1:13-CV-00293-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Appellant Corey Burgess, proceeding pro se,[1] appeals the denial of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He

additionally appeals from the district court's denial of his motion to proceed in

---

[*]      After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Burgess is proceeding pro se, his filings are construed
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

that court *in forma pauperis* ("IFP"). Finally, Mr. Burgess seeks leave to proceed IFP on appeal. For the reasons set forth below, we now **affirm** the district court's denial of Mr. Burgess's habeas application, **dismiss** as moot Mr. Burgess's appeal relating to the denial of IFP status in the district court, and **deny** Mr. Burgess's request to proceed IFP on appeal.

## I

Mr. Burgess is a prisoner in federal custody. At the time he filed his habeas application, Mr. Burgess was incarcerated in the Special Management Unit ("SMU") at the United States Penitentiary in Florence, Colorado. Mr. Burgess filed his habeas application pro se on February 4, 2013, and concurrently sought leave from the district court to proceed IFP.

The district court initially determined that Mr. Burgess's motion to proceed IFP was deficient because Mr. Burgess had failed to provide a certified copy of his inmate trust fund account statement. *See generally* 28 U.S.C. § 1915(a)(2). On February 19, 2013, a certified copy of Mr. Burgess's inmate trust fund account statement was filed with the district court, curing the original deficiency. On the basis of this account statement, the district court determined that Mr. Burgess possessed sufficient funds to pay the filing fees associated with his case, and denied the motion to proceed IFP. Mr. Burgess filed a motion seeking reconsideration of this decision but subsequently paid the filing fee while the motion remained pending, and the district court accordingly denied the motion as

-2-

moot. Although Mr. Burgess initially sought interlocutory review of the district court's denial of his motion to proceed IFP, we suspended briefing in that appeal and instructed Mr. Burgess to file an additional brief addressing whether or not his appeal was moot due to his having paid the filing fee. In light of Mr. Burgess's response, we ultimately consolidated Mr. Burgess's appeal regarding the denial of IFP status with his subsequently filed appeal from the district court's denial of his habeas application.

Mr. Burgess's habeas application stated three claims. First, Mr. Burgess argued that the Bureau of Prisons ("BOP") violated his constitutional rights and his rights under 18 U.S.C. § 3624(c) by failing to submit him for pre-release placement into a residential reentry center ("RRC").[2] Second, he claimed that his placement in the SMU further violated his rights under § 3624(c). Finally, Mr. Burgess argued that the imposition of a two-year term of supervised release as an aspect of his sentence violated the Double Jeopardy Clause of the Fifth

---

[2] Section 3624(c) states that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry . . . into the community." The statute specifies that "[s]uch conditions may include a community correctional facility," and requires placement in a community correctional facility to be determined on an individualized basis consistent with the terms of 18 U.S.C. § 3621(b). An RRC is one type of community correctional facility. *See Garza*, 596 F.3d at 1201 n.3 ("RRCs and CCCs are two words used to describe the same animal . . . ."); 28 C.F.R. § 570.20 ("Community confinement is defined as residence in . . . community correctional facilit[ies] (including residential re-entry centers) . . . .").

Amendment. The district court dismissed Mr. Burgess's first and third claims without prejudice for failure to exhaust administrative remedies.[3] It dismissed his second claim without prejudice as inappropriately raised in a habeas action, finding that Mr. Burgess's claims regarding his SMU placement in fact challenged the conditions of his confinement, and thus should have been raised in a separate civil action under *Bivens v. Six Unknown Named Agents of Federal*

[3] Although the district court interpreted Mr. Burgess's third claim (challenging the supervised-release component of his sentence) as seeking relief related to the *execution* of the sentence, and thus the court considered this claim to be properly raised in a § 2241 suit, we observe that language in Mr. Burgess's application suggests he may in fact have meant to challenge the *validity* of his sentence. *See* R. at 43 (Appl. for Writ of Habeas Corpus, filed Feb. 4, 2013) (describing supervised release term as "a second/separate sentence [that] is unwarranted, illegal, unlawful, unconscionable, unconstitutional, and unprecedented" (capitalization altered)); *id.* at 45, 54 (asking the court, as relief, to "toll supervised release"). Even if we were to construe Mr. Burgess's third claim as challenging the legal validity of his sentence rather than its execution, the outcome would be the same—*viz.*, we would not reach the merits of the claim and, rather, would dismiss it on a threshold procedural ground. That is because a federal prisoner seeking to challenge the validity of his sentence must do so in a motion brought under 28 U.S.C. § 2255; ordinarily such validity-based actions must be dismissed without prejudice when they are brought under § 2241. *See, e.g.*, *Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir. 1996). Because we in no event would reach the merits of Mr. Burgess's third claim, we need not explore further which alternative threshold procedural ground of dismissal is more appropriate. *See, e.g.*, *Niemi v. Lasshofer*, 728 F.3d 1252, 1260 (10th Cir. 2013) ("Because both this more modest state statutory standing question and any possible 'jurisdictional' problem concerning the limits of the district court's authority to issue injunctive relief in this case amount to 'threshold grounds' for resolving this appeal short of reaching its merits, we possess 'leeway to choose among' them and to 'take[ ] the less burdensome course.'" (alteration in original) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 436 (2007))).

*Bureau of Narcotics*, 403 U.S. 388 (1971). In its order dismissing Mr. Burgess's habeas application, the district court denied Mr. Burgess's motion for leave to proceed IFP on appeal, stating that "any appeal from this order would not be taken in good faith." R. at 284 (Order of Dismissal, filed May 2, 2013).

## II

## A

We begin by considering Mr. Burgess's appeal from the district court's denial of IFP status. We need not address the merits of Mr. Burgess's arguments regarding whether the district court wrongfully denied him IFP status in the first instance. This is because, irrespective of those arguments, Mr. Burgess's request for IFP status, and his appeal from the district court's denial of that request, were rendered moot when he voluntarily paid his filing fee on March 11, 2013.[4] Indeed, panels of this court have uniformly held that payment of filing fees causes requests to proceed IFP to become moot. *See, e.g.*, *Schell v. Vaughn*, 549 F. App'x 788, 791 n.2 (10th Cir. 2013) (dismissing application to proceed IFP on appeal as moot where appellate filing was paid); *Perez-Castro v. Holder*, 527 F.

---

[4] Because Mr. Burgess's notice of appeal indicates that he is challenging the district court's initial order denying IFP status (filed on February 22, 2013), we resolve this claim by dismissing this appellate claim for mootness. To the extent that language in Mr. Burgess's opening brief might be construed instead as challenging the district court's subsequent minute order denying on mootness grounds Mr. Burgess's motion for reconsideration (filed on March 12, 2013), we affirm that order for the same reasons.

App'x 777, 781 (10th Cir. 2013) (same); *Carbajal v. City & Cnty. of Denver*, 502 F. App'x 715, 717 (10th Cir. 2012) (same); *United States v. Dowell*, 438 F. App'x 706, 710 (10th Cir. 2011) (same); *United States v. Harris*, 404 F. App'x 264, 267 (10th Cir. 2010) (same); *Mitchell v. Oklahoma*, 157 F. App'x 81, 84 (10th Cir. 2005) (same); *see also Lipscomb v. Madigan*, 221 F.2d 798, 798 (9th Cir. 1955) (per curiam) (same). Although Mr. Burgess has not specified what relief he seeks from this court, we might reasonably infer that he desires some form of refund to allow him (presumably, in a less onerous fashion) to make partial payments over time. However, Mr. Burgess has not offered us any authority to support such a request—or, for that matter, to justify any other relief that we can reasonably conceive of—nor have we found any. *See Golden v. Kaiser*, 1 F. App'x 841, 841 n.1 (10th Cir. 2001) (denying as moot appellant's request for refund of previously paid appellate filing fee and to be allowed to proceed IFP, noting that the appellant "has not identified any precedent supporting such a request and this court has not discovered any"). Therefore, we conclude that the district court properly denied Mr. Burgess's IFP request as moot.

**B**

We next consider the district court's denial of Mr. Burgess's habeas claims. In reviewing the denial of a habeas petition under § 2241, "we review legal questions de novo and factual findings for clear error." *Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011); *see al-Marri v. Davis*, 714 F.3d 1183, 1186

-6-

(10th Cir.) ("When reviewing the denial of a habeas petition under § 2241, we . . . accept [the district court's] factual findings unless clearly erroneous."), *cert. denied*, --- U.S. ----, 134 S. Ct. 295 (2013); *Butler v. Hamilton*, 542 F.2d 835, 838 (10th Cir. 1976) ("The burden of demonstrating that findings are clearly erroneous is a heavy one and appellants must point out specifically where the findings of the trial court are clearly erroneous.").

With respect to Mr. Burgess's first claim, we conclude that the district court did not err in dismissing this claim on the basis that Mr. Burgess failed to properly exhaust his administrative remedies. The district court found that in each of Mr. Burgess's two administrative remedies concerning this claim, he was given the opportunity to correct defects with his submissions, but failed to do so. *See* R. at 279–81 (finding that Mr. Burgess was allowed fifteen days to resubmit appeals in administrative remedy numbers 695871 and 717106, but did so in neither). In his briefs, Mr. Burgess makes various arguments and assertions regarding these remedies, but none satisfy his heavy burden of demonstrating clear error—indeed, Mr. Burgess nowhere challenges the basic factual finding of the district court that he was directed to resubmit appeals in each case, but did not do so, and our own review of the record is consistent with the district court's finding.

Likewise, even assuming that Mr. Burgess could properly challenge his supervised relief term in his § 2241 action, *but see supra* note 3, we conclude that

the district court did not err in dismissing this claim for failure to exhaust administrative remedies. The district court found that the Central Office rejected Mr. Burgess's appeal in administrative remedy number 709867 because his initial appeal from the warden's response had been untimely, and instructed Mr. Burgess to resubmit his appeal "with a staff memorandum on BOP letterhead explaining why the untimely appeal was not his fault," pursuant to 28 C.F.R. § 542.14(b). R. at 281–82. The district court found that Mr. Burgess did not do so. As with the first claim, Mr. Burgess has not met his heavy burden of demonstrating that the court's findings were in error. And as with the first claim, our own review of the record is consistent with the district court's factual findings.

As for Mr. Burgess's second claim, challenging his placement in the SMU, we conclude that the district court did not err by dismissing this claim as inappropriately raised in a habeas action. The district court determined that this claim in fact challenged Mr. Burgess's conditions of confinement, and thus should have been raised in a *Bivens* action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1039 (10th Cir. 2012) ("[A federal prisoner's] challenge to the conditions of his confinement . . . must be brought pursuant to *Bivens*."). The fact that Mr. Burgess failed to address or contest this ruling in his opening brief is itself a sufficient basis to affirm the district court's order on this point. *See, e.g.*, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented,

in an appellant's opening brief.").  But, even were we to consider arguments made belatedly in Mr. Burgess's reply brief, we would find that Mr. Burgess has failed to offer any authority for the proposition that placement in the SMU is more than simply a condition of confinement.  Therefore, we ultimately conclude that the district court did not err by dismissing Mr. Burgess's second claim as inappropriately raised in a habeas action.

### III

For the foregoing reasons, we **AFFIRM** the district court's denial of Mr. Burgess's habeas application and **DISMISS** as moot Mr. Burgess's appeal from the district court's denial of IFP status.  Because Mr. Burgess has raised no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)) (internal quotation marks omitted), we **DENY** his motion to proceed IFP on appeal.

Entered for the Court

JEROME A. HOLMES
Circuit Judge