**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

**September 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

ZAK SHAIK,

    Plaintiff - Appellant,

v.

CERTAIN UNDERWRITERS AT
LLOYDS OF LONDON; MILLENNIAL
SPECIALTY INSURANCE, LLC;
BALDWIN INSURANCE GROUP
HOLDINGS, LLC,

    Defendants - Appellees.

_____

ZAK SHAIK,

    Plaintiff - Appellant,

and

BAARI ARDMORE HOUSING LLC,

    Plaintiff,

v.

DAVID G. MORDY; DAVID G.
MORDY, PLLC; RYAN HUNNICUTT;
DENNIS MORRIS; CARTER COUNTY;
HOYLE HOLT ALLIED SERVICES CO.;
JOSH RUSHING; JOSH'S FLOORING
AND REMODELING INC.; DEAN
EARHEART; KAYELYN JACKSON;
CARTER COUNTY COURT CLERKS
OFFICE,

No. 25-7004
(D.C. No. 6:24-CV-00271-RAW-GLJ)
(E.D. Okla.)

No. 25-7005
(D.C. No. 6:24-CV-00256-RAW-GLJ)
(E.D. Okla.)

Defendants - Appellees.

_____

ZAK SHAIK,

    Plaintiff - Appellant,

and

BAARI ARDMORE HOUSING, LLC,

    Plaintiff,

v.

JAMES A. WILLIAMS; OKIE
PLUMBING, LLC; REBECCA
JOHNSON; JOHNSON LAW FIRM,
PLLC; MARK MELTON, individually and
in his official capacity; MURRAY
COUNTY; JOHN DOES 1 - 10,

    Defendants - Appellees.

No. 25-7006
(D.C. No. 6:24-CV-00253-RAW-GLJ)
(E.D. Okla.)

_____

ZAK SHAIK,

    Plaintiff - Appellant,

v.

MARK MELTON; WALLACE
COPPEDGE; JAMES ENGLISH; DARIN
ROGERS; DON HELPINGSTINE; KENT
McKINLEY; COLT WILLIAMS;
DARRELL HUDSON; BEN FLOWERS;
REBECCA JOHNSON; KARA
CHRISTY; ASSOCIATION OF COUNTY
COMMISSIONERS OF OKLAHOMA,

    Defendants - Appellees.

No. 25-7007
(D.C. No. 6:24-CV-00252-RAW-GLJ)
(E.D. Okla.)

2

_____

ZAK SHAIK,

     Plaintiff - Appellant,

v.

MURRAY COUNTY
COMMISSIONERS; MURRAY
COUNTY ASSESSOR'S OFFICE;
MURRAY COUNTY TREASURER'S
OFFICE; JAMES ENGLISH, in his official
capacity as Assistant District Attorney,

     Defendants - Appellees.

No. 25-7008
(D.C. No. 6:24-CV-00311-RAW-GLJ)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

These appeals arise from five cases Zak Shaik filed in the United States

District Court for the Eastern District of Oklahoma.  In four of the cases the

magistrate judge granted Shaik's motions to proceed *in forma pauperis* (IFP).  Shaik

moved to proceed IFP in the fifth case, too.  That motion, mirroring those in the four

other cases, identified "zero income from any source, no bank account, no home or

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3

residence, no automobile, and no housing or any other expense of any kind, including food, shelter, utilities, clothing, insurance, cellular phone service, etc." 25-7008 R. vol. 1 at 22. Rather than grant the IFP motion in the fifth case, however, the magistrate judge held a hearing.

During the hearing the magistrate judge said that Shaik "alternated between being obtuse and evasive in responding to questions and requests for information supporting his IFP motion." *Id.* at 23. The judge ultimately concluded that Shaik's IFP motions were "materially incomplete, misleading and false." *Id.* at 30. Hence, the judge recommended that the district court revoke Shaik's IFP status in the four cases in which it had been granted and deny the IFP motion in the remaining case.

The district court adopted the recommendations. Shaik appeals the IFP rulings in all five cases.[1]

After filing these appeals, however, Shaik paid the full filing fees for the cases underlying Appeal Nos. 25-7005, 25-7006, 25-7007, and 25-7008.[2] We directed him to file a response explaining why we should not dismiss those appeals as moot. He did not file a timely response.[3]

---

[1] Shaik represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The district court's IFP rulings are immediately appealable. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310–11 (10th Cir. 2005).

[2] We take judicial notice of the district court's dockets in the underlying cases. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

[3] Well after the deadline for his response, Shaik filed a motion asserting that the appeals from cases for which he has paid the filing fee are moot.

An appeal becomes moot "when it is impossible to grant any effectual relief." *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). In the appeals arising from cases for which Shaik has paid the entire filing fee, we can no longer provide effective relief. Permitting him to proceed IFP would have allowed the cases to move forward without his paying the full filing fees. Because he has now paid the fees, they pose no obstacle to the cases' proceeding. And we know of no authority supporting the idea that overturning the court's IFP rulings would entitle Shaik to "some form of refund to allow him (presumably, in a less onerous fashion) to make partial payments over time." *Burgess v. Daniels*, 578 F. App'x 747, 751 (10th Cir. 2014). For these reasons, a decision from us reviewing the IFP rulings would have no "effect in the real world." *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (internal quotation marks omitted). We will therefore dismiss as moot the four appeals arising from cases for which Shaik has now paid the filing fee. *See Burgess*, 578 F. App'x at 750–51 (collecting cases).

But Appeal No. 25-7004 remains a live controversy because Shaik has not paid the filing fee for the underlying case. We turn, then, to the merits of the district court's decision to revoke his IFP status. We review the district court's IFP ruling for an abuse of discretion. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312–13 (10th Cir. 2005).

Shaik asserts that the district court's entering IFP rulings in the five different cases all "within 90 minutes demonstrates [a] predetermined outcome in violation of due process." Aplt. Opening Br. at 2. Not so. Although the rulings came in five

5

separate cases, they hinged on the same evidence and issues. It is no surprise that the court entered its five IFP rulings in quick succession.

Shaik next argues that the district court had no authority to revoke IFP status already granted. He is mistaken. District courts "have the discretion" to revoke IFP status if it "no longer serves" the goals behind the statute authorizing litigants to proceed IFP. *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). In general, district courts may revise an interlocutory order at any time before entry of final judgment. *See* Fed. R. Civ. P. 54(b); *Luo v. Wang*, 71 F.4th 1289, 1297 (10th Cir. 2023).

Shaik's remaining (cursory) arguments reveal no abuse of discretion. He asserts that revoking IFP status combined with the electronic-filing restrictions for pro se litigants obstructs access to the court. And he labels having to pay the filing fees in five cases at the same time an "impossible burden." Aplt. Opening Br. at 3. But he never challenges the conclusion that his IFP motion "was materially incomplete, misleading and false." 25-7004 R. at 73. That uncontested conclusion compels us to hold that the district court acted within its discretion when it revoked Shaik's IFP status.

\*    \*    \*

We grant Shaik's motion for leave to file a late reply brief in Appeal No. 25-7004. We deny all other pending motions in these appeals. We affirm the

6

district court's IFP order in Appeal No. 25-7004.  We dismiss as moot Appeal

Nos. 25-7005, 25-7006, 25-7007, and 25-7008.

Entered for the Court


Harris L Hartz
Circuit Judge